UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTA YOLANDO PORTLLO VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, et al.,<br><br>Respondents. | Civil Action No. 25-cv-12406-BEM |

**RESPONDENTS' NOTICE OF PETITIONER'S DETENTION LOCATION AND ASSENTED TO MOTION TO TRANSFER PETITION**

Respondents by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, through this filing provide notice as to Petitioner's detention location as directed by this Court's Order. Doc. No. 4. Additionally, Respondents move, with Petitioner's assent, for this Court to transfer this Petition to the U.S. District Court for the District of Vermont as Petitioner was in Vermont at the time she filed her petition for writ of habeas corpus.

As set forth by U.S Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, Assistant Field Office Director Keith Chan, ICE arrested and detained Petitioner pursuant to its authority under 8 U.S.C. § 1231 on August 28, 2025. *See* Exhibit A, ¶ 6. Petitioner was detained at the ICE holding room in Burlington, Massachusetts until August 29, 2025 when ICE transferred Petitioner to the Chittenden Regional Correctional Facility[1] ("Chittenden") in Vermont because of operational needs and lack of bedspace for female

---

[1] This facility is located at 7 Farrell St, South Burlington, VT 05403.

detainees in Massachusetts. *Id.*, ¶ 7.  Per AFOD Chan, Petitioner left ICE's office in Burlington, Massachusetts at approximately noon on August 29, 2025, and arrived at Chittenden on the same day at approximately 3:47 P.M.  *Id.*  At this time, Petitioner remains detained by ICE at Chittenden.  *Id.*

Because Petitioner was not present in the District of Massachusetts when she filed the Petition on August 30, 2025, this Court lacks jurisdiction over this action.  In *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), the Supreme Court made clear an individual challenging his detention through a habeas petition must file that petition in the district where she is detained and must name the custodian detaining her in such district as the respondent.  The First Circuit, in *Vasquez v. Reno* has also concluded that a district court did not have jurisdiction over a habeas petition filed "in a jurisdiction where neither he nor his immediate custodian was physically present." 233 F.3d 688, 695 (1st Cir. 2000); *Tham v. Adducci*, 319 F. Supp. 3d 574, 577 (D. Mass. 2018) (Holding that "jurisdiction lies in only one district: the district of confinement."); *Kantengwa v. Brackett*, No. 19-CV-12566-NMG, 2020 WL 93955, at *1 (D. Mass. Jan. 7, 2020) ("Because the District of Massachusetts is not the district of Kantengwa's confinement, jurisdiction is lacking.").

As such, this Petition should be transferred to the District of Vermont as Petitioner was in ICE custody in Vermont at the time the action was filed. *See Ozturk v. Trump*, 777 F. Supp. 3d 26 (D. Mass. 2025) (Transferring petition to the District of Vermont as petitioner was in that district when habeas petition was filed).  The undersigned has conferred with Petitioner's counsel who agrees that transfer of this Petition to the District of Vermont is warranted.  The Court has authority to transfer such petition pursuant to 28 U.S.C. § 1406(a) and 1631. *See Ozturk*, 777 F. Supp. 3d

at 42-43; *Tham*, 319 F. Supp. 3d at 577 (finding that these statutory provisions allow transfer if such transfer serves the interest of justice.).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: September 5, 2025   By:   */s/ Mark Sauter*
　　　　　　　　　　　　　　　　Mark Sauter
　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　United States Attorney's Office
　　　　　　　　　　　　　　　　1 Courthouse Way, Suite 9200
　　　　　　　　　　　　　　　　Boston, MA 02210
　　　　　　　　　　　　　　　　Tel.:(617) 748-3347
　　　　　　　　　　　　　　　　Email: mark.sauter@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to L.R. 7.1(a)(2), I conferred with Petitioner's counsel who assents to the request to transfer this Petitioner to the district of confinement at the time the Petition was filed.

Dated: September 5, 2025   By:   */s/ Mark Sauter*
　　　　　　　　　　　　　　　　Mark Sauter
　　　　　　　　　　　　　　　　Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: September 5, 2025   By:   */s/ Mark Sauter*
　　　　　　　　　　　　　　　　Mark Sauter
　　　　　　　　　　　　　　　　Assistant United States Attorney